UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY JAMERSON,

    Plaintiff(s),

v.

GREYHOUND,

    Defendant(s).

NO. C09-152MJP

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed

1. Defendant Greyhound Lines, Inc.'s Motion to Dismiss and for Summary Judgment (Dkt. No. 8)
2. Plaintiff's Rebutal (*sic*) to Defendant Greyhound Lines Motion to Dismiss and for Summary Judgment (Dkt. No. 10)
3. Plaintiff's Addendum to My Rebutal Greyhounds Motion to Dismiss for Summary Judgment (Dkt. No. 11)
4. Plaintiff's Letter to the Courts in Support of My Rebutal Against Greyhounds Motion to Dismiss (Dkt. No. 15)
5. Reply in Support of Defendant Greyhound Lines, Inc.'s Motion to Dismiss and for Summary Judgment (Dkt. No. 16)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion for summary judgment is GRANTED and Plaintiff's lawsuit is DISMISSED with prejudice.

**ORDER ON MTN**
**FOR SUMM JMT - 1**

**Background**

On February 4, 2008, Plaintiff traveled by Greyhound bus from Las Vegas to Seattle. Complaint at 2:14-15; Dkt. No. 4. While changing buses in Bakersfield, California, Plaintiff alleges that he saw two Greyhound employees carrying his bag. Id. at 2:18-19. Plaintiff claims that he thought the two men were "carrying [his] bag like they were going to steal [it]," but that when he looked at them, "they dropped [the] bag." Id. at 2:18-21.

When Plaintiff arrived in Seattle, he told a Greyhound employee that "if my bag did not arrived (*sic*) that their employess (*sic*) at the Bakersfield station stole my bag." Id. at 2:25-3:5. Although Plaintiff does not specifically state whether his bag arrived or not, he filed a claim with Greyhound and a police report (which he claims the Bakersfield Police Department did not follow up on). Id. at 3:5-9. Greyhound issued Plaintiff a check for $250.00 (id. at 3:6-7), the maximum amount of their loss liability under these circumstances. Def. Mtn., Exh. F.

Greyhound has set limits on the amount to which it will be liable when a passenger's baggage is lost – unless a passenger declares a greater value to his luggage and pays an "Excess Value Charge," that maximum amount is $250.00. Sivernell Declaration at ¶ 3, Exh. B. These liability limits are on file with the Department of Transportation, printed on Plaintiff's bus ticket, baggage claim check and ticket jacket, and posted in each Greyhound bus terminal. Id. at ¶¶ 4-7; Exhs. C, D, E. Prior to issuing a check to Plaintiff, Greyhound sent him a letter explaining its liability limits and informing him that "endorse[ment of] this check in the amount of $250.00, constitutes a full settlement of your claim." Id., Exh. F. Plaintiff does not deny that he cashed the settlement check from Greyhound. Sivernell Decl. at ¶ 9; Exh. G.

On February 10, 2009, Plaintiff's Complaint alleging "NEGLIGENTS (*sic*) AND GREYHOUNDS FAILURE TO PROVIDE ME EQUAL PROTECTION OF THE LAW" was filed. Plaintiff seeks $50,000 in punitive damages and $50,000 in compensation for the mental stress caused

**ORDER ON MTN
FOR SUMM JMT - 2**

1  by the loss of the luggage (Plaintiff, a poet and writer, alleges that the baggage contained a manuscript
2  with three years' worth of poetry; Complaint at 4:1-10).

**Discussion**

1. Summary judgment standard

Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56. "Once the moving party has made a prima facie case for summary judgment, the non-moving party cannot rely on general denials but must demonstrate with evidence that is 'significantly probative' or more than 'merely colorable' that a genuine issue of material fact exists for trial." F.T.C. v. Gill, 265 F.3d 944, 954 (9th Cir. 2001 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986)).

2. Greyhound Lines, a private actor, is not subject to an equal protection claim

Plaintiff has alleged that Greyhound violated the Fourteenth Amendment by failing to provide him with equal protection of the law. Id. at 3:15-17. "It is commonplace that rights under the Equal Protection Clause itself arise only where there has been involvement of the State or of one acting under the color of state authority." United States v. Guest, 383 U.S. 745, 755 (1966).

There is no dispute that Greyhound Lines, Inc. is a private corporation. Sivernell Decl. at ¶ 2. The acts of a non-governmental entity may be considered as the actions of the State "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary School Athletics Assoc., 531 U.S. 288, 295 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

Plaintiff makes the novel argument that Greyhound's failure to file a police report concerning his baggage amounted to "taking the law into their own hands" and thus equated to state action. Rebuttal at p. 2. Plaintiff provides no legal authority for this creative rationale, and the fact that he himself filed a stolen property report with the Bakersfield Police Department renders Greyhound's failure to do so meaningless. Greyhound's action (or inaction) remains private behavior which, no matter how egregious, cannot violate the Equal Protection Clause. Medical Institute of Minn. v. Nat'l Assoc. of Trade & Technical Schools, 817 F.2d 1310, 1312 (8th Cir. 1987).[1]

3. Plaintiff's acceptance of Greyhound's settlement check resulted in an accord and satisfaction which defeats his negligence claim

Concerning any state law claims subject to their pendent jurisdiction, federal district courts must apply the substantive state law of the state in which they sit. Shannon-Vail Five, Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001). The Court will apply Washington law to Plaintiff's claim of negligence in this matter.

Although Plaintiff had the right and the opportunity to do so, he did not make any declaration of the value of his baggage and did not pay the excess value charge which would have permitted him to claim more than the $250.00 limit assigned by Greyhound to "non-declared" baggage. Sivernell Decl. at ¶ 7. Plaintiff does not dispute that he was informed by Greyhound that, should he choose to endorse the check which they sent him in response to his claim, that endorsement "constitutes a full settlement of your claim." Id., Exh. F. Plaintiff does not deny that Greyhound sent him the check or that he endorsed it.

---

[1] The Court agrees with Defendant that Plaintiff's claim is more properly characterized as a civil rights claim under 42 U.S.C. § 1983. However, even converting his Equal Protection claim to a § 1983 claim would avail Plaintiff little, as a determination that an entity is not a state actor for purposes of an equal protection claim also determines that the entity did not act under color of state law for § 1983 purposes either. See Single Moms, Inc. v. Mont. Power Co., 331 F.3d 743, 747 n.4 (9th Cir. 2003) (citing Brentwood Academy, 531 U.S. at 295 n.2)

**ORDER ON MTN**
**FOR SUMM JMT - 4**

"[W]hen a debtor sends to his creditor a check in an amount that the debtor is willing to pay, and at the same time informs the creditor that the debtor intends the check to be considered as full payment, then, by accepting and cashing the check, the creditor agrees to the settlement and cannot thereafter seek additional compensation." Kibler v. Frank L. Garrett & Sons, Inc., 73 Wn.2d 523, 525 (1968). The facts here are not in controversy; in that circumstance, the issue of whether there has been accord and satisfaction is a question of law. Id.

This Court finds as a matter of law that there has been accord and satisfaction on this claim, and as a result Plaintiff is barred from seeking additional compensation by means of a negligence action.

**Conclusion**

Since Defendant Greyhound is not a state actor, it cannot be sued for alleged violations of the Equal Protection Clause. Since Plaintiff has accepted Defendant's settlement check (accompanied by a letter indicating that endorsement of the check constituted full settlement of the claim), he may not seek further damages arising out of that claim.

Defendant's motion for summary judgment will be GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

Dated: July __24___, 2009

_____
Marsha J. Pechman
U.S. District Judge

**ORDER ON MTN FOR SUMM JMT - 5**